NATHAN HASBERG, Respondent, *against* JOHN B. McCARTY, Appellant.

(Decided February 6th, 1888.)

After plaintiff had been associated in business as a co-partner with defendant for several years, defendant informed plaintiff that a new business corporation was to be organized, of which defendant was to be president, and plaintiff a manager, the business to be of the same character as that previously conducted by them, and that it was desirable that the

merchandise of the firm should be transferred to the new company as though defendant were its sole owner, at a fair valuation, to be paid in stock of the company to be issued in the individual name of defendant, he to have absolute control thereof; and on the representations and request of defendant, plaintiff transferred his share of the stock of merchandise of the partnership to defendant, and it was then conveyed to the company, and stock in the company issued to defendant therefor. *Held,* that the relations existing between plaintiff and defendant gave the former a right to rely upon the representations made by the latter; that the suppression by defendant of material facts as to the basis of cash capital of the company, was ground for the interference of a court of equity in plaintiff's behalf; and that his not having made an immediate disaffirmance did not affect his rights, until knowledge by him of the facts was shown.

APPEALS from an interlocutory judgment of this court directing a reference to take and state the accounts of a copartnership, and from the final judgment entered upon the report of the referee.

The facts are stated in the opinion, and in the report of the decision rendered on the trial of the action at Special Term (13 Daly 415), upon which the interlocutory judgment appealed from was entered.

*John H. V. Arnold,* for appellant.

*Stern & Myers,* for respondent.

LARREMORE, Ch. J.— This appeal is from an interlocutory judgment of January 13th, 1886, directing a reference to take and state the accounts between the parties hereto as therein directed and report thereupon the amount due the plaintiff from the defendant. The referee reported an amount due to the plaintiff of $35,483.81, with interest from June 1st, 1886. Exceptions to the report were filed, but by stipulation all objections to the findings of fact by the referee were waived.

The exceptions filed were heard before the court and overruled: and on September 28th, 1886, final judgment was ordered against the defendant, affirming the report in all

respects and awarding an additional allowance of $1,000 to the plaintiff. From this judgment an appeal is also taken.

The findings of the judge who tried the case present a full statement of the facts which are supported by the evidence: and the conclusions of law were fully warranted by the facts.

These parties had been associated in business for several years under the name and firm of McCarty & Hasberg. Subsequently the defendant informed the plaintiff that a new business corporation was to be organized, called "The McCarty & Hall Trading Company, Limited," of which he, the defendant, was to be a member and president, and of which the plaintiff was to be a manager; that the business of the corporation was to be of the same character as that previously conducted by these parties; that it was desirable that the stock of merchandise belonging to the old firm of McCarty & Hasberg should be transferred to the new company as though he [McCarty] were its sole owner, at a fair valuation, which would be paid for in stock of the company, such stock to be issued in his individual name, and that he, McCarty, should have the absolute control thereof. The plaintiff then signed the agreement upon the request and representations of the defendant, having had no previous knowledge of its contents.

The peculiar relations theretofore existing between the plaintiff and defendant gave the former a right to rely upon the good faith and integrity of the defendant making the representations above referred to, and appear to have been the inducement that led to the agreement of January 24th, 1884.

In compliance with the terms of said agreement, the stock of merchandise belonging to said McCarty & Hasberg was conveyed to the said corporation, and the capital stock of the same was issued to him at the par value thereof, of which stock more than one-half was so issued in consideration of the merchandise formerly belonging to the plaintiff and defendant.

It appears upon examination that said company was not

Hasberg v. McCarty.

organized upon the basis of a cash capital of $250,000, nor was it ever so intended: and there is good reason for believing that the defendant entered into the agreement with said company to defraud the plaintiff and appropriate all the profits earned by the said corporation, and thus prevent a declaration of any dividends upon its said shares to the stockholders.

Even if there had been no fraud in the representations thus made, there was a suppression of material facts sufficient to authorize the interference of a court of equity in the plaintiff's behalf (*Hammond* v. *Pennock*, 61 N. Y. 152). The weight of evidence appears to be entirely in plaintiff's favor, and the conclusions of the court below upon the same meet our entire approval.

The point raised as to plaintiff's neglect to make an immediate disaffirmance of the contract is not justified by the testimony and not within the rulings of the cases cited (*Hammond* v. *Pennock*, *supra; Ross* v. *Titterton*, 6 Hun 280). The plaintiff could not disaffirm until he had knowledge of the alleged fraud or misrepresentations, and the evidence does not disclose any act upon his part from which an affirmation of the contract after a knowledge of its contents and the subsequent transactions thereunder by the defendant can be legally inferred.

After a review of the whole case, I have reached the conclusion that the judgments appealed from should be affirmed, with costs.

ALLEN and BOOKSTAVER, JJ., concurred.

Judgments affirmed, with costs.